Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Connie K. Liem, TX SBN 791113
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W Beech Street, Suite 504
San Diego, CA 92101
Telephone: (619)557-7282
E-Mail: connie.liem@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PC IRON, INC. d/b/a PACIFIC COAST IRON, INC. and Does 1-10 Inclusive,<br><br>　　　　　Defendant(s). | Case No.: **16CV2372 CAB WVG**<br><br>**FIRST AMENDED COMPLAINT— CIVIL RIGHTS/ EMPLOYMENT DISCRIMINATION**<br>　• **Hostile Work Environment**<br>　• **Discriminatory Discharge**<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex (female, pregnancy) and to provide appropriate relief to Charging Party Elsa Perez ("Perez").  As alleged with greater particularity in Paragraphs 20-30 herein, the Commission alleges that Defendant PC Iron, Inc. d/b/a Pacific Coast Iron, Inc. ("Defendant" or "PC Iron") and Does 1-10 (collectively referred to herein as "Defendants"), unlawfully subjected Perez, to a hostile work environment and discriminatory discharge because of her pregnancy, a condition of her sex (female).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of California.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Pregnancy Discrimination Act of 1978.  Plaintiff EEOC is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII,

42 U.S.C. § 2000e-5(f)(1) and (3), the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. At all relevant times, Defendant PC Iron has continuously been a corporation doing business within California and the jurisdiction of the United States District Court for the Southern District of California.

6. At all relevant times, Defendant PC Iron has continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendant PC Iron has continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1) (b), (g), and (h).

8. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

9. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, alter ego, joint employer, integrated enterprise, agent, employee, successor, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

10. More than 30 days prior to the institution of this lawsuit, Charging Party Elsa Perez filed a charge with the Commission alleging violations of Title VII by defendant(s).

11. On June 1, 2016 the Commission issued to defendant(s) a Letter of Determination finding reasonable cause to believe that Title VII and Pregnancy Discrimination Act of 1978 was violated and inviting Defendant to join with the Commission to endeavor to eliminate the discriminatory practices and provide appropriate relief through informal methods of conciliation.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. On August 5, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the initiation of this lawsuit have been fulfilled.

16. Since at least 2003, Defendant has operated a structural steel and iron fabricator and erector business in Spring Valley in San Diego County, State of California.

17. During 2003, Charging Party Perez became employed with Defendant as a receptionist/office assistant.

18. Perez was supervised by Office Manager Marlene Suits ("Suits") and Chief Executive Officer Jerry Anderson ("Anderson").

19. Suits and Anderson had supervisory authority to control the details of employees' day-to-day work and assign work assignments, and hire, discipline, and fire employees.

20. Since at least February 2011 to December 12, 2011, Defendant has engaged in unlawful employment practices on the basis of sex and pregnancy in violation of Sections 701 (k) and 703 (a)(1) of Title VII, 42 U.S.C. §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

Hostile Work Environment

21. Since at least February 2011 through December 9 , 2011, Suits and Anderson subjected Perez to a hostile work environment on the basis of sex (pregnancy) in violation of Sections 701 (k) and 703 (a)(1) of Title VII.

22. More specifically, Suits and Anderson subjected Perez to harassing comments about her pregnancy including, but not limited to, telling her she was stupid to get pregnant, instructing her to urinate in a container instead of making frequent trips to the restroom, harassing her about whether she would have childcare for her children, and threatening her not to miss work for doctor's appointments.

23. These harassing comments by Suits and Anderson were unwelcome and upset Perez.

24. Defendant was aware of these harassing comments directed toward Perez, but failed to take any corrective action or reasonable steps to prevent or correct the harassing behavior.

Discriminatory Discharge

25. On or about December 5, 2011, Perez arrived at Defendant's facility and requested Suits to fill out application forms that Perez needed to obtain childcare. Suits refused to fill out these application forms for Perez.

26. On or about December 9, 2011, Suits called Perez and asked her if she was planning to return to work. Perez responded that she intended to return to work.

27. However, Suits terminated Perez's employment on December 9, 2011. Office Manager Suit also stated to Perez that she should stay home and collect

-5-

unemployment benefits.

28. On December 9, 2011, Defendant discharged Perez on the basis of sex (pregnancy) in violation of Sections 701 (k) and 703 (a)(1) of Title VII.

29. Shortly thereafter, Defendant PC Iron replaced Perez with the temporary employee, a non-pregnant female employee who had filled-in for Charging Party during her maternity leave.

30. The effect of the practices complained of, as described above, has been to deprive Perez of equal employment opportunities and otherwise adversely affect her status as an employee, because of her pregnancy, a condition of her sex, female.

31. The unlawful employment practices complained of, as described above, were intentional and caused Perez to suffer emotional distress.

32. The unlawful employment practices complained of, as described above, were done with malice or with reckless indifference to the federally protected rights of Perez.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant(s), their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendant(s) to make whole Elsa Perez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

1       D.     Order Defendant(s) to make whole Elsa Perez by providing
2 compensation for past and future pecuniary losses, in amounts to be determined at
3 trial including, but not limited to, out-of-pocket expenses suffered by her which
4 resulted from the unlawful employment practices described above in amounts to be
5 determined at trial.
6       E.     Order Defendant(s) to make whole Elsa Perez by providing
7 compensation for past and future non-pecuniary losses resulting from the unlawful
8 practices described above, in amounts to be determined at trial. The non-pecuniary
9 losses include, but are not limited to, emotional pain, suffering, inconvenience,
10 mental anguish, humiliation, and loss of enjoyment of life.
11       F.     Order Defendant(s) to pay Elsa Perez punitive damages for their
12 malicious and/or reckless conduct as described above, in amounts to be determined
13 at trial.
14       G.     Award the Commission its costs of this action.
15       H.     Grant such further relief as the Court deems necessary and proper in
16 the public interest.
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 15, 2016              Respectfully Submitted

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By:    S/Anna Y. Park
       Anna Y. Park,
       E-mail: anna.park@eeoc.gov
       Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION