Terence L. Greene, Esq. (SBN#138033)
Ross M. Poole, Esq. (SBN#285948)
Simpson Delmore Greene LLP
600 West Broadway, Suite 400
San Diego, CA 92101
Tel: (619) 515-1194
Fax: (619) 515-1197

Attorneys for Defendant PC Iron, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>PC IRON, INC. d/b/a PACIFIC COAST IRON, INC. and Does 1-10 Inclusive,<br><br>Defendants. | Case No.: 16CV2372 CAB WVG<br><br>[Complaint Filed: September 21, 2016]<br><br>**PC IRON, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant PC IRON, INC. dba Pacific Coast Iron ("PCI" or "Defendant") by and through its undersigned counsel, hereby responds to the First Amended Complaint for Hostile Work Environment and Discriminatory Discharge (the "Complaint") filed by the U.S. Equal Employment Opportunity Commission ("Plaintiff"), and states as follows:

## NATURE OF THE ACTION

The first unnumbered paragraph of the Complaint is a preliminary statement to which no response is required. To the extent any response is required, Defendant acknowledges that Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 ("Title VII"). Defendant denies all remaining factual allegations and/or legal conclusions in this paragraph. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Elsa Perez is entitled to any relief.

## JURISDICTION AND VENUE

1. Defendant admits this Court has subject matter jurisdiction over the claims asserted by Plaintiff pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1337, and 28 U.S.C. § 1345. Defendant denies the allegations that jurisdiction is authorized by any other statute, including 28 U.S.C. § 451. Defendant denies all remaining factual allegations and/or legal conclusions in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Elsa Perez is entitled to any relief.

3. Defendant admits that venue is proper in this district. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Elsa Perez is entitled to any relief.

## PARTIES

4. Defendant admits that Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the Pregnancy Discrimination Act of 1978. Defendant denies all remaining factual allegations and/or legal conclusions in this paragraph. Defendant specifically denies any allegation or inference that Plaintiff's interpretation of the Pregnancy Discrimination Act,

Title VII, or the Civil Rights Act of 1991 are legally binding, that Plaintiff has satisfied the statutory prerequisites to bringing suit in this case including but not limited to its duties to conciliate prior to filing suit, or that Plaintiff is entitled to recover damages or injunctive relief against Defendant.

5. Admitted.

6. Admitted.

7. Defendant admits that it has continuously been an employer engaged in an industry affecting commerce within the meaning of Title VII in relation to Plaintiff. Defendant is without sufficient information to form a belief as to the truth of the factual allegations regarding any other unnamed employees and therefore denies the same.

8. Defendant is without sufficient information to form a belief as to the truth of the factual allegations asserted against unnamed DOE defendants in paragraph 8 of the Complaint and therefore denies the same. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Elsa Perez is entitled to any relief.

9. Defendant is without sufficient information to form a belief as to the truth of the factual allegations asserted against unnamed DOE defendants in paragraph 9 of the Complaint and therefore denies the same. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that Elsa Perez is entitled to any relief.

### STATEMENT OF CLAIMS

10. Defendant admits that more than thirty days prior to the institution of this lawsuit, Elsa Perez filed a charge with the EEOC alleging violations of Title VII against Defendant.

11. Defendant admits it received a Letter of Determination dated June 1, 2016 from Plaintiff. Defendant admits that the letter stated that Plaintiff found reasonable cause to believe that Title VII was violated. Defendant denies that the letter stated that Plaintiff found reasonable cause to believe that the Pregnancy Discrimination Act of 1978 was

violated. Defendant denies all remaining factual allegations and/or legal conclusions in Paragraph 11 of the Complaint.

12. Defendant admits that the Commission had communications with Defendant. Defendant specifically denies any allegation or inference that it has engaged in any unlawful employment practices and further denies that there are/were any discriminatory practices to remedy.

13. Defendant admits that it did not enter a conciliation agreement with the Commission. Defendant denies any inference that the Commission made a good faith attempt at conciliation.

14. Admit.

15. Paragraph 15 of the Complaint contains legal conclusions or statements of Plaintiff's position in this adversary proceeding to which no response is required. To the extent that a response is required, Defendant specifically denies that all conditions precedent to the institution of this lawsuit have been fulfilled including but not limited to the EEOC's duty to conciliate pursuant to 42 U.S.C. § 2000e-5(b).

16. Admit.

17. Admit.

18. The allegations in paragraph 18 of the Complaint do not contain a timeframe, therefore, Defendant is without sufficient information to form a belief as to the truth of the factual allegations asserted. Defendant denies any allegation or inference that Elsa Perez was continually employed by Defendant since 2003. Defendant admits that while Perez was employed by Defendant, Suits and Anderson, among others, would have been considered Perez's superior.

19. Defendant admits that while Perez was employed by Defendant, Suits and Anderson had the ability to control the details of Perez's day-to-day work. Defendant is without sufficient information to form a belief as to the truth of the factual allegations regarding any other unnamed employees and therefore denies the same.

20. Denied

### Hostile Work Environment

21. Denied.

22. Denied.

23. Denied.

24. Denied.

### Discriminatory Discharge

25. Defendant is without sufficient information to form a belief as to the truth of the factual allegation that on or about December 5, 2011 Perez went to Defendant's facility. Defendant is also without sufficient information to form a belief as to the truth of the factual allegation that the only way that Perez could obtain child care was for Defendant to fill out application forms. Defendant denies that on or around December 5, 2011, Suits met with Perez at Defendant's facility and refused a request from Perez to fill out applications for childcare.

26. Defendant admits that on or around December 9, 2011, Suits called Perez and asked her if she was planning to return to work as scheduled on December 12, 2016. Defendant admits that Perez responded that she intended to return to work, but that she had not yet made childcare arrangements and needed to find someone to take care of her baby before she could return.

27. Defendant denies that Perez was terminated on December 9, 2011. Defendant asserts that Perez was laid off on December 12, 2011. Defendant denies that Suits stated to Perez that she should "stay home and collect unemployment benefits." Defendant asserts that it complied with its legal duty to inform Perez that she may be eligible for unemployment benefits due to the layoff.

28. Denied.

29. Defendant denies that after Perez was laid off her position was filled by a temporary employee. Defendant asserts that while Perez was on leave her position was with filled by a temporary employee, but the temporary employee was eventually hired as a full time project engineer and assistant purchaser.

30. Denied.
31. Denied.
32. Denied.

## PRAYER FOR RELIEF

Plaintiff's prayer is not an allegation and therefore requires no response. To the extent any response is necessary, Defendant denies any allegation or inference that it has engaged in unlawful employment practices and further denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES AND OTHER MATTER

In addition to the factual and legal denials stated above, Defendant sets forth the following Affirmative Defenses to the allegations contained in the Complaint. Defendant reserves the right to amend this Answer with additional defenses as further information is obtained. Plaintiff's claims are barred, in whole or in part, by the following:

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Estoppel)

Plaintiff is estopped from pursuing the claims in the Complaint and each alleged cause of action therein by reason of Perez's own actions and course of conduct.

## THIRD AFFIRMATIVE DEFENSE
(Waiver)

Perez waived the right, if any, to pursue the claims in the Complaint and each alleged cause of action therein by reason of her own actions and course of conduct.

## FOURTH AFFIRMATIVE DEFENSE
(Statutes of Limitation)

To the extent that Plaintiff relies on any events, allegations, or claims occurring

outside the applicable statute of limitations, those events, allegations, or claims are barred.

### FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff cannot recover against Defendant to the extent that Perez failed to make reasonable efforts to mitigate her alleged damages. Alternatively, to the extent that Perez has mitigated her alleged damages, Defendant is entitled to offset those amounts from any alleged damages.

### SIXTH AFFIRMATIVE DEFENSE
(No Punitive or Exemplary Damages)

The Complaint and each alleged cause of action therein fail to set forth facts sufficient for the recovery of punitive and/or exemplary damages. If Defendant is found to have violated Title VII or the Pregnancy Discrimination Act, which allegations Defendant denies, Defendant neither knew that its conduct violated Title VII or the Pregnancy Discrimination Act nor showed reckless disregard for whether its actions complied with the Act. Consequently, Defendant's actions were not "willful," "malicious," or "reckless."

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Conciliate)

To the extent that Plaintiff failed to fulfill its statutory duties to conciliate its claims brought under Title VII and the Pregnancy Discrimination Act, those claims are barred.

### EIGHTH AFFIRMATIVE DEFENSE
(Legitimate Business Reasons for Termination)

Defendant's conduct and treatment of Perez was based on legitimate, non-discriminatory and non-retaliatory reasons that were unrelated to Perez's pregnancy, and no genuine issue of material fact to the contrary exists. In the alternative, if any action taken by Defendant was motivated in part by discrimination, an allegation Defendant denies, Defendant would have taken the same action irrespective of such motive.

///

///

## NINTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

The Complaint and each alleged cause of action therein are barred by Perez's failure to exhaust her administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

(After-Acquired Knowledge)

To the extent Defendant discovers information after Perez's separation from employment revealing that Perez engaged in misconduct during her employment with Defendant, and Defendant would have discharged Perez for engaging in the misconduct had Defendant known about it before Perez separated from Defendant, the after-acquired evidence doctrine bars or limits Plaintiff's claims or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(At-Will Employment)

Ms. Perez was an at-will employee of Defendant pursuant to Labor Code section 2922.

## TWELFTH AFFIRMATIVE DEFENSE

(Mixed Motive)

If it is found that Defendant's actions in terminating Ms. Perez's employment were motivated by both discriminatory and non-discriminatory reasons, the non-discriminatory reasons alone would have induced Defendant to make the same decision.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Limitation of Damages)

If Defendant is found to have violated Title VII or the Pregnancy Discrimination Act, which allegations Defendant denies, Plaintiff's request for compensatory and punitive damages is barred to the extent that it exceeds the statutory caps established by 42 U.S.C. §1981a(b)(3).

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE
(Good-Faith Efforts)

The Complaint and each alleged cause of action therein are barred and Ms. Perez should be denied relief because Defendant acted at all times in good-faith, in a reasonable manner, without the intent to discriminate and in attempting to comply with applicable laws.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Bona Fide Occupational Qualification)

The Complaint and each alleged cause of action therein are barred, as any decision by Defendant to take adverse employment action against Ms. Perez, if any, was lawful because Defendant was entitled to consider Ms. Perez's inability to perform essential job duties as a job requirement.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Labor Code Violations)

The Complaint and each alleged cause of action therein are barred, as Ms. Perez did not satisfy and/or breached her statutory obligations provided in the California Labor Code, including, but not limited to, sections 2854 and 2856-2859.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Ms. Perez may not recover damages in this action because, under the circumstances presented, it would constitute unjust enrichment.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

Defendant reserves the right to rely upon such other defenses and affirmative defenses as may become available or apparent during discovery proceedings in this case.

///

///

## PRAYER FOR RELIEF

Defendant prays that Plaintiff take nothing by this suit, that judgment be entered on behalf of Defendant, that Defendant recover its costs of suit and reasonable attorneys' fees, and such other relief to which Defendant may be entitled.

Respectfully submitted,

Dated: January 4, 2017        Simpson Delmore Greene LLP

By: _____
Terence L. Greene, Esq.
Ross M. Poole, Esq.
Attorneys for Defendant PC Iron, Inc.