UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. PC IRON, INC., Defendant. | Case No.: #:16-cv-02372-CAB-(WVG)<br><br>**ORDER ON MOTION TO INTERVENE**<br>**[Doc. No. 12]** |
|---|---|

This matter comes before the Court on Plaintiff-Intervenor Elsa Perez's ("Ms. Perez") motion for leave to intervene. [Doc. No. 12.] The Court finds the matter suitable for determination on the papers submitted in accordance with Civil Local Rule 7.1(d)(1) and therefore denies Defendant's request for oral argument [Doc. No. 17]. For the reasons set forth below, the Court grants the motion.

### I. Background

On September 21, 2016, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission"), in its capacity as the federal agency charged with the interpretation, administration, and enforcement of federal statutes banning employment discrimination, filed a complaint alleging Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 and § 102 of the Civil

1

Rights Act of 1991. [Doc. No. 1.] In the complaint, Ms. Perez is identified as the Charging Party whose allegations provide the basis of the EEOC's action. [*Id.*]

On December 15, 2016, the EEOC filed an amended complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991("Title VII") to correct Defendant's alleged unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Perez. [Doc. No. 5.]

On August 1, 2017 Ms. Perez filed her motion seeking to intervene in this action as of right because she has a significant interest in the underlying action. [Doc. No. 12.] On August 3, 2017, the EEOC filed a notice of non-opposition. [Doc. No. 13.] Defendant filed its response in opposition [Doc. No. 14] and Ms. Perez filed her reply [Doc. No. 16]. On August 30, 2017, Defendant filed a request for oral argument on the motion for leave to intervene. [Doc. No. 17.] On the same day, Ms. Perez filed a response to the request for oral argument. [Doc. No. 18.]

## II. Discussion

Ms. Perez seeks to intervene in this action as of right claiming she has a significant interest in the underlying action. [Doc. No. 12.] Further, Ms. Perez asserts that the substantial overlap in the evidence needed to prove both the Title VII and her individual state law claims provides additional grounds for the Court to invoke its supplemental jurisdiction. [*Id.* at 2.] Ms. Perez wishes to pursue her remedies for compensatory damages, punitive damages, and injunctive relief under Title VII and the California Fair Employment and Housing Act ("FEHA") claims. Defendant opposes the intervention on the grounds that it is untimely, would cause it substantial prejudice and Ms. Perez's rights are adequately represented by the EEOC. [Doc. No. 14.] Defendant's response in opposition focuses solely on Ms. Perez's intervention as of right argument and is silent regarding her supplemental jurisdiction request.

### A. Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure provides "(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute. . . ." Title VII, as amended, expressly provides that the person aggrieved by a violation of Title VII shall have the right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1) ("The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision.") *See also EEOC v. Westinghouse Elec. Corp.,* 675 F.2d 164, 165 (9th Cir. 1982); *EEOC v. ABM Industries, Inc.*, 249 FRD 588, 590 (E.D. Cal. 2008).

Here, the parties do not dispute that Ms. Perez is an aggrieved person because she filed the charge upon which the EEOC's lawsuit is based. *See EEOC v. Waffle House, Inc.,* 534 U.S. 279, 291 (2002) ("If . . . the EEOC files suit on its own, the employee . . . may intervene in the EEOC's suit."). Thus, Ms. Perez has the right to intervene.

In determining whether the application to intervene has been timely requested a court should broadly construe the requirements of Rule 24 in favor of the moving party. *Sw. Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). Factors to consider include: (1) the stage of the proceedings; (2) the reason for any delay in moving to intervene; and (3) whether the parties would be prejudiced. *Nw. Forest Resource Council v. Glickman,* 82 F.3d 825, 836-37 (9th Cir. 1996). "[T]he timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the likelihood of harm." *U.S. v. State of Or.*, 745 F.2d 550 (9th Cir. 1984).

The procedural posture of this case does not weigh against granting the application to intervene. It is two months prior to the close of fact discovery and over ten months to the July 20, 2018 trial date. [*See* Doc. No. 11.]

As to the second factor, timeliness, the parties dispute whether or not the motion to intervene has been brought in a timely manner. Defendant asserts that Ms. Perez has not

provided adequate justification for her delay, has been aware of this action since she filed a charge of discrimination with the EEOC on August 24, 2012, has been actively involved in this case and was aware of the deadline to intervene, and the delay in moving to intervene was caused by her own lack of diligence. The Court does not agree with Defendant's position. Although a year has elapsed since the filing of this complaint, the Court does not find this a dispositive factor in determining the timeliness of the motion. *See U.S. v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) ("Mere lapse of time is not determinative"). The unavoidable circumstances faced by Ms. Perez including her own hospitalization, son's health issues and her full-time work schedule caused the delay in filing [Doc. No. 12-3 at ¶¶ 2-4] are sufficient reasons to warrant the delay.

Related to the third factor, Defendant argues that it will suffer considerable prejudice if forced to litigate Ms. Perez's claims because the addition six causes of action will inevitably prolong the litigation and increase its costs. But, the fact that discovery remains open in this case and key depositions are yet to be taken are factors that weigh in favor of finding that the parties are unlikely to prejudiced at this stage of the proceedings. *See EEOC v. Univ. of Phoenix, Inc.*, 2008 WL 1971396 at *1 (D. Ariz. May 2, 2008) (holding that motion to intervene was timely and unlikely to prejudice the parties when discovery remained open and would not have to be extended, and the intervenor's claims gave rise to the EEOC suit). Ms. Perez has shown that her claims share common questions of fact and are, without a doubt, part of the same case and controversy – but for Ms. Perez's reporting of the alleged discriminatory acts the EEOC would not have filed suit. The only real material difference between the claims the EEOC is pursuing and Ms. Perez's is that she is seeking damages in excess of the damages that the EEOC can obtain pursuant to Title VII. As succinctly stated in the motion, all "claims share a common nucleus of operative fact" and "the evidence needed to resolve Ms. Perez's state law claims substantially overlaps with the evidence relevant to the federal claims." [Doc. No. 12-1 at 4:12-14.] Additionally, the EECO has filed a non-opposition to the present motion which illustrates that it does not believe it will be prejudiced by the addition of Ms. Perez. [Doc. No. 13.]

Further, Ms. Perez asserts that she "intends to abide by other upcoming deadlines set in this Court's Scheduling Order," [Doc. No. 12-1 at 5:25-26], and that she "intends to coordinate her discovery efforts with the EEOC to avoid delay and duplication [Doc. No. 16 at 3:2-3].

Finally, Defendant claims that in order to sufficiently demonstrate her intervention as a matter of right, Ms. Perez must demonstrate that the applicant's interest must be inadequately represented by the parties before the court. [Doc. No. 14 at 7.] Defendant posits that Ms. Perez has neither argued that her interest has not been adequately presented nor provided any evidence that it has not been adequately represented, has therefore failed to meet the standard for intervention and, as a consequence, her motion must be denied. Ms. Perez disputes the applicability of the standard relied on by Defendant and counters that the very nature of the EEOC, as a federal agency, prevents it from adequately representing her claim.

Federal Rule of Civil Procedure 24(a)(2) requires a court to permit anyone to intervene as a matter of right who, absent a federal statute providing an unconditional right, on timely motion:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Ms. Perez's intervention as a matter of right has been authorized by a federal statute, Title VII, therefore she is not required to prove this adequacy requirement. Regardless, the Court agrees with Ms. Perez that "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *See General Tel. of the Nw. v. EEOC*, 446 U.S. 318 (1980). Plaintiff's assertion that the EEOC's interests in preventing employment discrimination under Title VII will diverge from her interest in pursuing her state law claims and pursuing damages under FEHA satisfies her burden of showing adequacy. *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 823 (9th Cir. 2001) (quoting *Trbovich v. United Mine*

Workers, 404 U.S. 528 (1972)) ("[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate.") Therefore, the Court finds Ms. Perez has established that the EEOC will not adequately represent her interests.

After weighing the three factors, the Court exercises its discretion and finds that the request to intervene was timely and concludes that Ms. Perez has established that she is entitled to intervene as of right.

**B. Supplemental Jurisdiction Over State Law Claims**

Ms. Perez requests the Court exercise supplemental jurisdiction over her state law claims for pregnancy discrimination, harassment and other claims because they share common questions of law and fact with the Title VII claims and the evidence necessary to prove all claims substantially overlaps. [Doc. 12-1 at 2.]

28 U.S.C. § 1367 provides in pertinent part that: "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Further, the statute provides express circumstances where district courts are not always required to entertain state law claims, even when they form part of the same case or controversy.[1]

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.

The Court chooses to exercise supplemental jurisdiction over Ms. Perez's state law claims in accordance with 28 U.S.C. § 1367. The state law claims involve the same

---

[1] District courts may decline to exercise supplemental jurisdiction when: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction; (3) the court has dismissed all claims over which it had original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

operative facts as the EEOC's and her individual Title VII claims, and trying both cases in the same action will save the parties' time and money and will not prejudice the parties.

### III. Conclusion

For the foregoing reasons, Ms. Perez's motion to intervene is **GRANTED.** The Court gives Ms. Perez permission to file the Complaint in Intervention attached as Exhibit "A" to her motion. Defendant shall respond to the Complaint in Intervention within the limits established by the Federal Rules of Civil Procedure.

It is **SO ORDERED**.

Dated: August 31, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge