UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PC IRON, INC. d/b/a PACIFIC COAST IRON, INC.,<br><br>Defendant. | Case No.: 16-CV-2372-CAB(WVG)<br><br>**ORDER FOLLOWING DISCOVERY CONFERENCE (RE: EDD SUBPOENA DISPUTE)** |

The Court convened a telephonic discovery conference on October 10, 2017 and heard argument on a dispute over documents produced by the California Employment Development Department ("EDD") to Plaintiff. The parties then filed briefing on October 24 and 25, 2017. Having heard argument and considered the parties' written submissions, the Court rules as set forth below.

This dispute centers around a document subpoena Plaintiff issued to non-party EDD pursuant to Federal Rule of Civil Procedure 45. Plaintiff sought four categories of documents related to "quarterly earnings statements and wage reports" from 2008 through the present for Defendant and the "quarterly earnings statements and wage reports" for Defendant's employees. Rather than formally serve the EDD, Plaintiff faxed the subpoena

under an agreement between the two entities. Plaintiff then mail-served the subpoena to Defendant. The EDD responded and produced the subpoenaed documents to Plaintiff much more quickly than anyone had expected and well before the production deadline. Plaintiff then produced the documents to both Defendant and Intervener. The parties dispute whether the documents are discoverable and whether they are privileged. The parties originally also disputed whether Plaintiff complied with Rule 45's notice provision that permits Defendant to challenge a subpoena, but Plaintiff has since admitted error.

Although Plaintiff admits error, the Court finds it appropriate to address the failure to comply with a significant procedural safeguard that allows Defendant to challenge a subpoena. Plaintiff failed to comply with Rule 45(a)(4)'s mandate that a document subpoena "be served on each party" *before* it is served on a responding non-party. During the discovery conference, Plaintiff's counsel incredibly argued that since Plaintiff faxed the subpoena to the EDD pursuant to the entities' pre-existing arrangement, the subpoena was not technically "served" as Rule 5 prescribes—the implication being that Rule 45(a)(4)'s pre-service notice provision was not triggered here. The Court is flabbergasted that Plaintiff would make such a contrived argument which clearly ignores the spirit and purpose of Rule 45(a)(4)'s notice requirement. If a party seeks to circumvent this rather important procedural safeguard and deprive an opposing party of the opportunity to challenge a subpoena, the Court would view such conduct quite dimly. Plaintiff should have admitted error during the discovery conference. However, Plaintiff appears to have retracted its original position in its supplemental briefing and now contends the lack of pre-service notice was a mistake and not made with ill intent. Regardless, it is undisputed that Plaintiff failed to comply with the advance notice requirement. That being the case, however, Defendant now challenges the subpoena, and the documents produced pursuant to that subpoena have been ordered sequestered under Rule 45(e)(2)(b) until resolution of any dispute over discoverability and any claim of privilege.

As a general matter, Plaintiff has demonstrated the discoverability of the EDD documents. Defendant claims it did not terminate Intervenor Elsa Perez and instead

contends she was laid off. (Doc. No. 6 at ¶ 27.) Before litigation, Defendant took the position that Perez's position had been eliminated in 2011 due to a lack of work that obviated the need for a full-time receptionist or office assistant. (Doc. No. 31-3 at 2.) Plaintiff contends the subpoenaed wage records directly relate to this defense because they show that from 2011 to 2012 "there was an increase in the total amount of employees' wages . . . while the number of employees remained fairly consistent. Moreover, even though the total wages were typically lower during the first quarter for years 2008, 2009, and 2010 than other quarters, Elsa Perez was not subjected to lay-off during these years in which she was not pregnant." (Doc. No. 31-1 at ¶ 34.) As a result, Plaintiff contends the disputed documents "are highly relevant to show that Perez was discharged during December 2011 based on her pregnancy and that Defendant's alleged reason for discharging Perez is pretextual." (Doc. No. 31 at 4.) The Court is persuaded and finds that the EDD documents are relevant, directly related to a defense theory, are proportional to the needs of the case, and are thus properly discoverable subject to resolution of any privilege claims.

Defendant has asserted claims of privacy privilege on behalf of the non-parties listed in the EDD documents. The documents the EDD produced contain the employees' names, corresponding Social Security numbers, and data related to their wages. Such detailed financial information is covered by each named individual's qualified right to privacy under California law. *See Dale Evans Parkway 2012 v. Nat'l Fire & Marine Ins. Co.*, No. ED CV15-979-JGB(SPx), 2016 U.S. Dist. LEXIS 187094, at *14 (C.D. Cal. Oct. 27, 2016). However, this does not automatically propel the documents beyond Plaintiff's reach.[1] A balance must be struck between Plaintiff's need for the documents—which is

---

[1] Defendant's invocation of California Unemployment Insurance Code section 1094 is unavailing. Although this statute creates an absolute privilege, *Crest Catering Co. v. Sup. Ct. of L.A. Cty.*, 398 P.2d 150, 151 (Cal. 1965), federal courts are not bound to recognize state privileges in a federal question case. *See generally* Fed. R. Evid. 501; *Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (personnel files discoverable in a

high here given the apparently close relationship between the information contained in the documents and a central justification Defendant advances in its defense—and the individuals' privacy interests. *In re Complaint of Francis*, No. 16-CV-1873-H(JMA), 2017 U.S. Dist. LEXIS 189954, at *7 (S.D. Cal. Nov. 15, 2017); *Youngevity Int'l, Inc. v. Smith*, No. 16-CV-704-BTM(JLB), 2017 U.S. Dist. LEXIS 96865, at *11 (S.D. Cal. June 22, 2017). Neither consideration is dispositive and, under the circumstances here, the Court seeks to fashion a remedy that reasonably satisfies both interests. *See Dale Evans Parkway 2012*, 2016 U.S. Dist. LEXIS 187094, at *14.

Here, Plaintiff has agreed to be bound by a protective order that protects the EDD documents.[2] (Doc. No. 31 at 5 n.2.) Having considered the competing interests, the Court finds a protective order strikes the appropriate balance between the need for the information in the disputed documents and the privacy of the persons listed therein. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("A carefully drafted protective order could minimize the impact of . . . disclosure.") The Court therefore requires the parties to draft a protective order that limits the dissemination of the EDD documents and allows their use for purposes of this litigation only. Such a protective order will protect the third parties' and Defendant's privacy interests.

---

federal civil rights action despite claims of privilege under state law); *Breed v. United States District Court*, 542 F.2d 1114, 1115 (9th Cir. 1976) (state privilege law, while not binding in federal question case, can be a useful referent); *Leon v. Cnty. of San Diego*, 202 F.R.D. 631, 635 (S.D. Cal. 2001) (federal courts should attempt to accommodate state privilege in federal question cases unless doing so would impair assertion of a federal right); *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y. 1976) ("A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy."). Here, the privilege in section 1094 cannot be accommodated without inhibiting the continued prosecution of Plaintiff's federal claims.

[2] This concession is significant because Plaintiff has vociferously opposed entry of a protective order as a matter of general principle in an unrelated case before the Court.

For the reasons set forth above, Defendant's objection to the subpoena served by Plaintiff is OVERRULED.  No later than January 12, 2018, the parties shall *lodge* a draft protective order and file a request for entry of the protective order.[3]

**IT IS SO ORDERED.**

DATED:  December 29, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[3] Although the Court instructed the parties to include a maximum two-page discussion regarding extension of the fact discovery deadline, Plaintiff did not do so.  However, Defendant requested a two-month extension of the fact discovery deadline to conduct potential unrelated follow-up discovery after the depositions of Angel and Anjelea Perez, which were to have taken place October 25, 2017, and Intervenor, which was to have taken place on October 30, 2017.  The instant discovery dispute does not relate to these depositions.  No later than January 12, 2018, Defendant may renew the request for a two-month extension for *limited* discovery that may have been necessary after these depositions.  The renewed request must specify the precise purpose(s) for any extension.  Absent a renewed request for this limited purpose, the now-expired fact discovery deadline remains as previously set.