UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. PC IRON, INC. d/b/a PACIFIC COAST IRON, INC., Defendant. | Case No.: 16-CV-2372-CAB(WVG) **PROTECTIVE ORDER RE: EDD SUBPOENA** [Doc. No. 38.] |
|---|---|

The Court recognizes that at least some of the documents and information Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") obtained through discovery in the above-captioned action are protected by a right to privacy and normally kept confidential. Accordingly, the parties hereby stipulate to, have agreed to be bound by, and petition the Court to enforce the terms of this Protective Order in this action.

Documents obtained by the EEOC during the course of this litigation may contain information protected by a right to privacy under California law, trade secret, financial, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: U.S. Equal Employment Opportunity Commission ("EEOC") for Plaintiff EEOC, Bokhour Law Group, P.C. for Plaintiff-Intervenor Elsa Perez, and Simpson, Delmore, & Greene, P.C. for Defendant Pacific Coast Iron, Inc.

## GENERAL RULES

4. The parties hereby stipulate and agree that all documents produced by the California Employment Development Department on or about October 4, 2017 (EDD Documents, bates stamped EDD 0001-0141) in response to a subpoena issued by the EEOC in this action are subject to this Protective Order and are hereby designated as

"CONFIDENTIAL."

5. EDD Documents, bates stamped EDD 0001-0141, that have been designated as "CONFIDENTIAL" must not be disclosed or produced by any party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

6. EDD Documents, bates stamped EDD 0001-0141, designated as "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by individuals identified in paragraph 7. Prior to reviewing or gaining access to this Confidential Information, each Party must ensure that any non-party witness(es) and any expert witness(es) execute an agreement to be bound by the terms of this Order, (See Exhibit A attached hereto, Acknowledgement and Agreement to be Bound ("Acknowledgement")). Witnesses are prohibited from disclosing Confidential Information outside this action. The Parties shall maintain the signed acknowledgments that each acquires. Disclosure of the Confidential Information to any other person or entity who has not signed an Acknowledgement is not permitted except as stated below.

7. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a) Executives who are required to participate in policy decisions with reference to this action;

    b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

    c) Each witness only with respect to Confidential Information pertaining to himself or herself; and

        d)       Stenographic and clerical employees associated with the individuals identified above.

8. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

9. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

11. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this

Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

13. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

14. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

15. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

16. Before any Confidential Information is filed with the Court, the party seeking to file Confidential Information must seek permission of the Court to file the material under seal, except upon consent of the parties or upon further order of the Court. As an alternative to seeking to file the records under seal, a party seeking to file the Confidential Information for dispositive motions may seek an order from the Court finding that the need for public access to dispositive pleadings outweighs the interests in keeping the information and/or records confidential. An application to file a document under seal or for an order finding the need for public access outweighs the interest in keeping the information and/or records confidential shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to

oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. Notwithstanding the above, the parties agree to comply with the Local Rules regarding procedures for filing papers and documents under seal for any materials that have been designated as CONFIDENTIAL under paragraph 4.

17. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

18. In the event this matter proceeds to trial, the parties agree that the issue of whether the parties can use Confidential Information for trial purposes should be resolved by the presiding district judge.

19. Nothing in this Order prevents the disclosure of Confidential Information if such disclosure is required by law or by order of the Court. However, if any party subject to this Protective Order must make a disclosure (including, but not limited to, responding to a subpoena or an order issued in other litigation) of any information or items designated in this action as "CONFIDENTIAL," the receiving party must promptly notify the party opposing disclosure, and in no event more than <u>ten (10)</u> business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party must also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and must deliver a copy of this Protective Order to the party seeking the information. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in

the court from which the subpoena or order issued. The party opposing disclosure shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

20. Upon final termination of this action, including any and all appeals, counsel for each party shall destroy and not release to the public any Confidential Information produced in discovery which are covered by this Stipulated Protective Order. With respect to the EEOC, any Confidential Information contained in the EEOC's litigation files shall be maintained in accordance with National Archives and Records Administration (NARA) regulations and EEOC Records Management, regulations, orders, and procedures. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

22. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

23. This Order may be modified by written agreement of the parties, subject to approval by the Court, and nothing in this Order abridges or limits the right of any person to seek its modification by the Court in the future.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

DATED: January 17, 2018

Hon. William V. Gallo
United States Magistrate Judge