UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PC IRON, INC. d/b/a PACIFIC COAST IRON, INC.,<br><br>Defendant. | Case No.: 16-CV-2372-CAB(WVG)<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO EXTEND DISCOVERY DEADLINES**<br><br>**[Doc. No. 39.]** |

Defendant seeks to extend the fact discovery deadline in order to conduct a Rule 35 mental examination of Intervenor-Plaintiff Elsa Perez and to seek additional discovery based on purported new information revealed in Ms. Perez's deposition. Stepping back from whether a Rule 35 examination is appropriate in this case, the threshold question is whether Defendant has exercised due diligence in conducting discovery to justify the extension of time.[1]

---

[1] Plaintiff-Intervenor asserts that only a District Judge has the authority to order a Rule 35 mental examination. (Doc. No. 42 at 6.) This is clearly wrong. Local Civil Rule 72(1)(b) authorizes magistrate judges to "hear and determine any pretrial motion, including

Defendant was not diligent with respect to scheduling Ms. Perez's deposition and thus its request for an extension of the fact discovery deadline to pursue a Rule 35 mental examination lacks justification. Discovery began on March 14, 2017, after the Scheduling Order issued at the conclusion of the case management conference. (Doc. No. 11.) According to Plaintiff and Intervenor-Plaintiff (collectively Plaintiffs), Defendant propounded no written discovery requests upon either of them. (Doc. No. 41 at 4; Doc. No. 42 at 4.) Moreover, and perhaps most significantly, Defendant did not specifically request any of Ms. Perez's medical records notwithstanding the allegations in Plaintiffs' Complaints that asserted Ms. Perez suffered from emotional distress. Defendant was accordingly on notice early on that Ms. Perez's mental condition was a potential issue in this case. But Defendant did nothing to investigate Ms. Perez's mental health claims.

Defendant admits that its first request to depose Ms. Perez was in July 2017—4 months after the Court issued the Scheduling Order and opened the gates to unfettered discovery. This four-month delay is critical. Depositions often cannot be scheduled unless and until document and other written discovery has occurred. Here, since Defendant

---

discovery motions, other than dispositive motions." Indeed, *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995), a case cited by Plaintiff-Intervenor, was a case in which former Magistrate Judge Cynthia Aaron provided an extensive review of cases from around the country—several of which were penned by United States Magistrate Judges. And multiple magistrate judges in this District have recently rule on Rule 35 IME motions. *See, e.g.*, *Garcia v. Cty. of San Diego*, No. 15-CV-189-JLS(NLS), 2017 U.S. Dist. LEXIS 189121 (S.D. Cal. Nov. 14, 2017) (Stormes, M.J.); *Alexis v. Rogers*, No. 15-CV-691-CAB(BLM), 2017 U.S. Dist. LEXIS 40741 (S.D. Cal. Mar. 21, 2017) (Major, M.J.); *Redon v. Ruiz*, No. 13-CV-1765-WQH(KSC), 2015 U.S. Dist. LEXIS 163797 (S.D. Cal. Dec. 4, 2015) (Crawford, M.J.); *Rowland v. Paris Las Vegas, Caesars Entm't Operating Co.*, No. 13-CV-2630-GPC(DHB), 2015 U.S. Dist. LEXIS 104039 (S.D. Cal. Aug. 6, 2015) (Bartick, M.J.); *Robertson v. City of San Diego*, No. 13-CV-1460-W(JLB), 2014 U.S. Dist. LEXIS 166767 (S.D. Cal. Dec. 2, 2014) (Burkhardt, M.J.); *Said v. Cty. of San Diego*, No. 12-CV-2437-GPC(RBB), 2014 U.S. Dist. LEXIS 158065 (S.D. Cal. Nov. 7, 2014) (Brooks, M.J.); *Lopez v. City of Imperial*, No. 13-CV-597-BEN(WVG), 2014 U.S. Dist. LEXIS 7291 (S.D. Cal. Jan. 21, 2014) (Gallo, M.J.).

propounded no written discovery, it cannot claim that scheduling Ms. Perez's deposition was contingent upon first receiving important medical records or other discovery. Because Defendant propounded no discovery, there was no good reason why it could not and did not schedule Ms. Perez's deposition well before July 2017.

Defendant contends the deposition was delayed due to Plaintiffs' conduct. But such delay is precisely why this Court routinely encourages parties to be diligent and take discovery early. Defendant failed to do so at its peril. As for allegations that Plaintiffs caused unnecessary delay, Defendant has not presented convincing evidence of such tactics to this Court. In fact, any delay in taking Ms. Perez's deposition once it was scheduled for September 27, 2017 was due largely to Defendant's insistence that its representative, the very person alleged to be Ms. Perez's primary harasser, be present in the same room as her during the deposition. According to Plaintiffs, efforts to compromise with Defendant so that the deposition could continue as scheduled were unsuccessful and the deposition was terminated. When this issue was brought to the Court's attention, it found in favor of Plaintiffs and ordered Defendant to make reasonable accommodations which included the absence of Defendant's representative from the room with Ms. Perez during the deposition. (Doc. No. 26.) The rescheduled deposition was likewise delayed because of a medical emergency necessitating an extension in the fact discovery deadline to complete the deposition on December 6, 2017, which the Court granted.

The Court has reviewed a partial transcript of Ms. Perez's deposition and finds there was no "new information" revealed in her testimony that, with due diligence, could not have been obtained had Defendant conducted *some* prior discovery. Moreover, the Court finds that Ms. Perez's testimony describes what has come to be called "garden variety emotional distress." As such, it fails to meet the threshold required to warrant a Rule 35 mental examination.

Finally, in an email exchange dated January 4, 2018, in response to an inquiry from Defendant, Plaintiffs advised that neither party intended to call as witnesses either of the medical doctors who treated Ms. Perez. (Doc. No. 41 Exhibit A.) Defendant indicated that

3

16-CV-2372-CAB(WVG)

if the opposite were true, then this would be added justification for its extension request. Given that Plaintiffs are now on record stating that neither doctor will be called as a witness, this basis for an extension of fact discovery has now been eliminated.

In any event, any delay was foreseeable in this case, and Defendant should have been far more diligent in seeking Ms. Perez's deposition. However, Defendant sought no written discovery and admittedly waited four months before its first request to depose a critical witness to this case. Defendant simply was not diligent. Under Rule 16(b)(4), a discovery scheduling order "may be modified only for good cause and with the judge's consent." Because Defendant did not pursue fact discovery with due diligence and failed to show good cause for not doing so, its request to extend the fact discovery deadline is DENIED.[2]

**IT IS SO ORDERED.**

DATED: January 25, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[2] Plaintiff EEOC contends that Defendant's request for an extension ought to be denied on the additional basis that it failed to meet and confer in accordance with the Court's orders and chamber's rules. Ordinarily, as a precondition, the parties are to first properly meet and confer before bringing a dispute or request to the Court's attention. However, here, the Court granted Defendant leave to renew its request for an extension of fact discovery by January 12, 2018. (Doc. No. 35 at n.3.) Defendant's motion was timely filed.