UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                                   Plaintiff,<br><br>v.<br><br>PC IRON, INC.,<br><br>                                   Defendant. | Case No.: 16-cv-02372-CAB-(WVG)<br><br>**ORDER ON MOTION FOR ATTORNEYS' FEES**<br>**[Doc. No. 121]** |

This matter is before the Court on Defendant PC Iron Inc.'s ("PCI") Motion for Attorneys' Fees and Costs Against Plaintiff EEOC. [Doc. No. 121.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted in part and denied in part.

**I.      Background**

Elsa Perez, a former Assistant Officer Manger at PCI, filed a charge of discrimination with the EEOC on August 24, 2012. [Doc. No. 50-3 at 38.] On the same day, the California Department of Fair Employment and Housing ("DFEH") issued a notice to PCI and Perez that Perez's complaint was referred by the EEOC and that the EEOC

1

would be responsible for processing the complaint. [Doc. No. 51-3 at 47.] On June 1, 2016, the EEOC issued a letter of determination to PCI. [*Id.* at 49.]

On September 21, 2016, the EEOC filed this action against defendant PCI, alleging PCI discriminated against Ms. Perez, based on her pregnancy and/or recent childbirth, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Pregnancy Discrimination Act of 1978 ("Title VII"). [Doc. No. 1.][1] The EEOC's complaint, as amended on December 15, 2016, sought to provide appropriate relief to Ms. Perez and correct unlawful employment practices on the basis of sex. [Doc. No. 5.] On September 5, 2017, Ms. Perez filed a complaint in intervention against PCI directly seeking relief for the alleged discrimination. [Doc. No. 20.]

The parties filed cross motions for summary judgment on February 27, 2018. [Doc. Nos. 48, 50, 51 and 54.] PCI moved for summary judgment on the EEOC's Title VII hostile work environment claim on the grounds that it was time barred and also moved for summary judgment on Ms. Perez's Title VII hostile work environment claim and her six state law claims on the same grounds. The EEOC moved for summary judgment on eleven of PCI's affirmative defensives. Ms. Perez moved for summary judgment on her wrongful discharge claim. On May 1, 2018, the Court issued an order granting in part and denying in part the motions. The Court granted summary judgment in PCI's favor on the hostile work environment claim because Perez did not timely file her charge with the EEOC. [Doc. No. 73 at 5-7.] Within the order, the Court addressed PCI's assertion that the EEOC's claims were barred because it failed to fulfill its statutory duties to conciliate the claims brought under Title VII and the Pregnancy Discrimination Act. [*Id.* at 15-16.] Although the Court found the EEOC's letter of determination inadequate regarding the hostile work environment claim, it determined the deficiencies harmless because it had entered summary judgment on that claim. [*Id.* at 16.] As to the discrimination claim, the

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

16-cv-02372-CAB-(WVG)

Court concluded that the EEOC's efforts to conciliate survived the level of review required by it. [*Id.*]

The matter was set for trial commencing July 30, 2018. [Doc. Nos. 73, 77.] On July 6, 2018, Ms. Perez and PCI filed a joint motion to dismiss her complaint in intervention. [Doc. No. 97.] The dismissal with prejudice was entered on July 9, 2018. [Doc. No. 99.] The Court thereafter directed the EEOC and PCI to submit a revised Pretrial Order, recognizing the matter was now solely a request for injunctive relief to correct the alleged unlawful employment practice on the basis of sex, and would therefore proceed as a bench trial. [Doc. No. 100.] The July trial date was vacated and trial was reset for October 29, 2018. [Doc. No. 102.] The revised Pretrial Order was entered on September 18, 2018. [Doc. No. 104.]

The EEOC and PCI proceeded to a two-day bench trial on October 29 and 30, 2018. [Doc. Nos. 110, 112.] Based upon the testimony and exhibits received into evidence at trial, and after full consideration of the legal arguments of the parties, the Court determined that the EEOC has not met its burden to demonstrate that Perez had suffered an adverse employment action, finding that PCI and Ms. Perez had "reach[ed] a mutual and voluntary agreement for Ms. Perez to separate her employment and she was not subject to an adverse employment action." [Doc. No. 118 at ¶¶ 33, 38.] In accordance with this finding, the Court entered judgment for PCI. [Doc. No. 119.]

On December 4, 2018, Defendant filed its application for attorneys' fees, requesting a total of $189,353.00.[2] [Doc. No. 134 at 2.] Plaintiff filed its opposition [Doc. No. 126] and Defendant filed its reply [Doc. No. 134].

## II. Legal Standard

Pursuant to 42 U.S.C. § 2000e-5(k) a district court may grant attorneys' fees to a prevailing party in a Title VII action. An award of fees to a prevailing defendant must be

---

[2] The original request for $175,232.00 [Doc. No. 121] was updated to include $14,121.00 in fees incurred since filing the motion.

based upon a district court's "finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14 (1980). An action is frivolous "when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007); *see also Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005) ("a case is frivolous if it is of little weight or importance: having no basis in law or fact.") (internal quotation marks and citation omitted). But, a claim is not frivolous merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421-22).

In making this determination, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* In other words, "a district court must assess the claim at the time it the complaint was filed." *Tutor-Saliba Corp. v. City of Hailey,* 452 F.3d 1055, 1060 (9th Cir. 2006) (internal citations omitted); *Mitchell v. Office of L.A. Cnty. Superintendent of Schs.,* 805 F.2d 844, 846-47 (9th Cir. 1986) (the court must assess whether the plaintiff could reasonably have believed that there was an adequate basis in law and fact to pursue the claim). Thus, the Ninth Circuit has urged district courts to "exercise caution in awarding fees to a prevailing party in order to avoid discouraging legitimate suite that may not be 'airtight.'" *Bruno's Rest.*, 13 F.3d at 287 (quoting *Christiansburg*, 434 U.S. at 422). Because, "[o]nly in exceptional circumstances did Congress intend that defendants be awarded attorney's fees under Title VII." *Mitchell,* 805 F.2d at 848.

## III. Discussion

Defendant seeks an award of $189,353.00 in attorneys' fees arguing that, as the prevailing party under Title VII, it should be awarded fees because the claims the EEOC asserted against it were frivolous, unreasonable and without foundation. PCI asserts the

4

EEOC failed to conduct a good faith investigation, failed to conduct a thorough interview of the charging party in direct contravention of its own procedures as set forth in the EEOC's Regional Attorneys' Manual, and failed to conciliate the hostile work environment claim prior to filing suit. PCI posits that had the EEOC done these things it would have become evident that Ms. Perez's hostile work environment claim was barred by the applicable statute of limitations and that a thorough investigation would have revealed the myriad of issues with Ms. Perez's claims. [Doc. No. 121 at 12-18.]

The Court is familiar with this case, parties, and background, having addressed a motion to intervene, motions for summary judgment and held a bench trial. Applying the standard set forth above, the Court find that Plaintiff's hostile work environment was frivolous at the outset. *Mitchell,* 805 F.2d at 848 ("There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial."); *see also Galen*, 477 F.3d at 658 ("An action [is] frivolous when the result appears obvious or the arguments are wholly without merit."). However, the Court does not find the EEOC's discrimination claim was frivolous, unreasonable, or without foundation, notwithstanding its finding following the bench trial that the evidence did not support a finding of an adverse employment action.

One of the conditions precedent to the EEOC filing suit is that is must conduct a genuine investigation. *EEOC* v. *Pierce Packing Co.,* 669 F.2d 605, 607 (9th Cir. 1982) ([g]enuine investigation, reasonable cause determination and conciliation are jurisdictional conditions precedent to suit by the EEOC"); 42 U.S.C. § 2000e-5(b). The Court's familiarity with the evidence and record in this case leads it to conclude that the EEOC failed to take the necessary steps to thoroughly investigate Ms. Perez's allegations before the EEOC filed the Title VII suit against PCI. The EEOC's investigation case log [Doc. No. 121-5] illustrates that the EEOC waited over three years before it interviewed any of the witnesses upon whom it relied. As Defendant highlights, the log demonstrates that the EEOC interviewed only two former employees, Gary Berkstresser and Desarea Dutra, and Elaine Rossi, a temporary employee who worked at PCI for two weeks in September 2011

16-cv-02372-CAB-(WVG)

[*Id.*] It also indicates that after giving her initial interview, Ms. Perez herself was never re-interviewed. [*Id.*] At the bench trial, the Court found Ms. Perez, Mr. Berkstresser and Ms. Rossi's testimony about the office interactions between Ms. Suits and Mr. Anderson regarding Ms. Perez's pregnancy "to be unreliable and either exaggerated or not credible in many instances." [Doc. No. 118 at 6.] Further, the Court noted a number of inconsistencies in Ms. Perez's deposition testimony and an inability on the Ms. Perez's part to keep her account of what happened at PCI consistent. [*See g*enerally Doc. No. 118.] Such issues would have become clear to the EEOC had it conducted, as PCI emphasizes, a thorough interview of the charging party as set forth in its Regional Attorneys' Manual. Neither did the EEOC talk with either Mr. Anderson, the owner, president and chief operating officer of PCI, Ms. Suits, or two other PCI employees, Mr. Moody or Mr. Gunther who worked in close proximity to the area shared by Ms. Perez and Ms. Suits, before filing suit. In light of the inconsistencies and credibility issues surrounding the testimony of Ms. Perez, Ms. Rossi and Mr. Berkstresser, the Court cannot help but question whether it was reasonable for the EEOC to base its decision to file a lawsuit against PCI based solely on these individuals' recitation of events.

Had the EEOC conducted a proper investigation it would have discovered, as the Court recognized in its summary judgment order, that the four interactions Ms. Perez alleged occurred within the 300 day window preceding the filing of her charge on August 24, 2012 were not discriminatory or abusive acts. The only contact Ms. Perez's had with PCI after October 29, 2011 consisted of: (1) a telephone call with Ms. Suits, PCI's office manager, on December 2, 2011, asking if Ms. Perez intended to return to work at the end of her maternity leave; (2) Ms. Perez visiting PCI's offices with childcare assistance forms[3]; (3) Ms. Perez calling Ms. Suits on December 6, 2011, to ask if Ms. Suits had completed the forms, and (4) Suits' telephone call on December 9, 2011, during which

---

[3] Following trial, the Court's Findings of Fact contradict the events as relayed by Ms. Perez and relied on in the summary judgment order. [*See generally*, Doc. No. 118.]

16-cv-02372-CAB-(WVG)

Perez's employment was terminated. [Doc. No. 73 at 6-7.] "As a result, because none of the other acts about which Perez and the EEOC complain as constituting a hostile work environment occurred within 300 days of Perez filing her charge with the EEOC, Perez's Title VII hostile work environment charge to the EEOC was untimely." [Doc. No. 73 at 7.] As Defendant correctly points out, had a thoroughly investigation taken place, it would have become evident that the facts upon which the EEOC was relying to form the basis of the hostile work environment claim were outside the statute of limitations.

Even if the Court takes the position that the EEOC's hostile work environment claim was not frivolous when filed, once Ms. Perez and other key witnesses had been deposed it should have been clear that the EEOC's hostile work environment lacked foundation. *See EEOC v. Argo Dist., LLC,* 555 F.3d 462, 473 (5th Cir. 2009) (affirming award of attorney's fees to prevailing defendant because once the charging party's deposition was taken it was clear the EEOC's action lacked foundation); *EEOC v. Peoplemark, Inc.,* 732 F.3d 584, 591-92 (6th Cir. 2014) (when discovery clearly indicated complaining party's statements belied the facts, the EEOC should have reassessed the claim). Nevertheless, the EEOC pursued the hostile work environment claim through the end of discovery and summary judgment, forcing PCI to defend a claim that clearly frivolous. The EEOC's decision to do so, and its failure to reassess this claim once the evidence did not furnish the necessary facts to prove this claim, provide further support in favor of an award of fees to PCI.

With regards to the hostile work environment claim, PCI also suggests that the EEOC's failure to conciliate the hostile work environment claim prior to filing suit is further evidence that the EEOC was "simply going through the motions in this case so that if could file a claim against PCI." [Doc. No. 121-1 at 13-14.] In support PCI points to the Court's earlier finding in the summary judgment order that:

> [t]he letter of determination simply states that there "was evidence that [Perez] was subjected to a hostile work environment." [Doc. No. 48-8 at 2.] This vague and conclusory statement is particularly inadequate considering that Perez's charge of discrimination does not allege a hostile work environment

16-cv-02372-CAB-(WVG)

or make any allegations other than that she was terminated because of her sex and pregnancy. [Doc. No. 48-5 at 3.] With its motion, the EEOC offers no evidence that PCI was aware of any charge of a hostile work environment or that the EEOC was investigating such a claim. The conclusion that evidence of a hostile work environment was found did not serve to inform PCI of what allegations of a hostile work environment were made.

Doc. No. 73 at 15-16.

The procedural requirements of Title VII require the EEOC to engage in conciliation efforts prior to filing suit. *See* 42 U.S.C. § 2000e-5(b) ("If the Commission determines after an investigation that there is reasonable cause to believe that [a] charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.") Only if the EEOC "has been unable to secure from the respondent a conciliation agreement acceptable to the Commission," may it bring a suit against the employer. 42 U.S.C. § 2000e-5(f)(1). While the Court agrees with PCI that the EEOC did not comply with its condition precedent of conciliation regarding the hostile work environment claim as set forth in 42 U.S.C. § 2000e-5(b), the Ninth Circuit has made it clear that this alone is not reason to grant fees. *Bruno's Rest.*, 13 F.3d at 291. Nonetheless, this provides yet further evidence of the EEOC's haphazard and flagrant disregard of the procedures it is required to follow before filing suit.

Although, the Court concluded after a two-day bench trial that the EEOC failed to present any direct or circumstantial evidence sufficient to establish a prima face case of discrimination under Title VII, the Court cannot say that this claim was meritless. After hearing all of the testimony and weighing the evidence, the Court held that the EEOC had not demonstrated that Ms. Perez had suffered an adverse employment action. [Doc. No. 118 at 9-10.] In fact, the Court determined that the parties had reached a mutual and voluntary agreement for Ms. Perez to separate her employment from PCI and make an application for unemployment benefits. [*Id.* at 10.] PCI's point concerning the EEOC's failure to properly investigate, interview Ms. Perez and interview two other significant

8

16-cv-02372-CAB-(WVG)

or make any allegations other than that she was terminated because of her sex and pregnancy. [Doc. No. 48-5 at 3.] With its motion, the EEOC offers no evidence that PCI was aware of any charge of a hostile work environment or that the EEOC was investigating such a claim. The conclusion that evidence of a hostile work environment was found did not serve to inform PCI of what allegations of a hostile work environment were made.

Doc. No. 73 at 15-16.

The procedural requirements of Title VII require the EEOC to engage in conciliation efforts prior to filing suit. *See* 42 U.S.C. § 2000e-5(b) ("If the Commission determines after an investigation that there is reasonable cause to believe that [a] charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.") Only if the EEOC "has been unable to secure from the respondent a conciliation agreement acceptable to the Commission," may it bring a suit against the employer. 42 U.S.C. § 2000e-5(f)(1). While the Court agrees with PCI that the EEOC did not comply with its condition precedent of conciliation regarding the hostile work environment claim as set forth in 42 U.S.C. § 2000e-5(b), the Ninth Circuit has made it clear that this alone is not reason to grant fees. *Bruno's Rest.*, 13 F.3d at 291. Nonetheless, this provides yet further evidence of the EEOC's haphazard and flagrant disregard of the procedures it is required to follow before filing suit.

Although, the Court concluded after a two-day bench trial that the EEOC failed to present any direct or circumstantial evidence sufficient to establish a prima face case of discrimination under Title VII, the Court cannot say that this claim was meritless. After hearing all of the testimony and weighing the evidence, the Court held that the EEOC had not demonstrated that Ms. Perez had suffered an adverse employment action. [Doc. No. 118 at 9-10.] In fact, the Court determined that the parties had reached a mutual and voluntary agreement for Ms. Perez to separate her employment from PCI and make an application for unemployment benefits. [*Id.* at 10.] PCI's point concerning the EEOC's failure to properly investigate, interview Ms. Perez and interview two other significant

witnesses is well taken.  [Doc. No. 121 at 14-15.]  Had the EEOC conducted a thorough investigation before bringing suit, it would have discovered that Ms. Perez was not denied any pregnancy or childbirth-related accommodation, that she took full maternity leave, that at the time she was on leave she was actively seeking other employment opportunities, that PCI has used a temporary agency to fill Ms. Perez's position during her maternity leave, and that it was Ms. Perez who would not in fact confirm that she was ready to return to work on her anticipated start date.  For reasons unclear to the Court, the EEOC attributed every employment interaction that Ms. Perez found offensive or did not like, to her pregnancy.  Perhaps it should have been evident by the close of discovery that Plaintiff had little evidentiary foundation for its claim that Ms. Perez had suffered an adverse employment action, but there was some evidence to support a theory of an adverse employment action.  As the EEOC correctly point out, an "airtight" claim is not a prerequisite for filing suit.  Thus, just because the EEOC did not ultimately prevail on the adverse employment action claim, the Court must still refrain from engaging in *post hoc* reasoning and concluding that the EEOC's adverse employment action claim must have been unreasonable or without foundation. *Christiansburg*, 434 U.S. at 421-22.  Although the EEOC's discrimination claim against PCI was extremely weak, the Court does not find that there was no legal or factual basis for it.

In sum, while the Court is aware of the public policy reasons for exercising caution when considering an award of attorneys' fees, the EEOC is the federal agency responsible for administering and enforcing civil rights laws against workplace discrimination and, as such, it should to be the foremost expert on issues of employment discrimination and be held accountable for complying with both its enabling act and its regulations along with following the procedures set forth in its internal manual.  The EEOC had a duty to perform a competent investigation on both claims and to conciliate the hostile work environment claim.  Had it done so, the EEOC would have known long before the summary judgment stage that the hostile work environment claim was barred by the statute of limitations.

16-cv-02372-CAB-(WVG)

Accordingly, the Court concludes that an award of reasonable attorneys' fees related to the hostile work environment claim to Defendant is warranted.

## IV.    Reasonable Attorneys' Fees

Having determined that the hostile work environment claim was "frivolous, unreasonable, or without foundation," the Court must determine is the requested amount is reasonable.  Defendant seeks an attorney's fee award of $189,353.00 to cover the hours worked in defending this litigation from its inception through trial and the bringing of the current motion.

While Plaintiff does not dispute the reasonableness of the fees incurred by Defendant nor the reasonableness of the hourly rate, it maintains that no fees are warranted, and argues that if the Court determines that an award is warranted, it should only be limited to fees incurred from the frivolous claim and not the entire litigation.  The Court agrees.  Because the Court has determined that one claim is frivolous and one claim is not, PCI is not eligible for the fees incurred defending the adverse employment action claim.  Thus, PCI may only be awarded fees for frivolous claims and bears the burden of establishing that the fees "for which it is asking are in fact incurred solely by virtue of the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.,* 631 F.3d 963, 972 (9th Cir. 2011).

As the Ninth Circuit explains:

> [a] defendant must demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint.  To do otherwise–as when a court simply divides a defendant's total attorneys fees equally across plaintiff's frivolous and nonfrivolous claims and attributes to the frivolous civil rights claims a pro-rate share of those total fees (with no demonstration that such fees were in fact incurred solely in order to defend against the frivolous claims)-would be to risk requiring a plaintiff to pay defendants' attorneys' fees incurred in defeating his nonfrivolous civil rights claims, an outcome barred by our precedent and that of the Supreme Court.

*Harris,* 631 F.3d 963, 972 (2011); *see also Fox v. Vice,* 563 U.S. 826, 836 (2011) ("Section 1988 permits the defendant to receive only the portion on his fees that he would not have paid but for the frivolous claim.")  The *Harris* court went on to acknowledge that from a

practical standpoint this is an extremely difficult burden for a defendant seeking fees to carry. *Harris,* 631 F.3d at 972.

The Court has reviewed the itemized description provided by defense counsel and although there are multiple entries for the work performed until the filing of the motions for summary judgment, the Court is prohibited from dividing time entries between frivolous and nonfrivolous claims. *Harris,* 631 F.3d at 973 ( the "only fees that may be awarded are those incurred for work performed exclusively in order to provide a defense against claims for which fees are permissible"). Applying the "extremely difficult" standard set forth above, the Court has found only two entries that defendant has attributed to work solely on the frivolous claim:

| 02/14/2018 | RMP | 2.00 | 225.00 | $450.00 | Begin drafting memorandum of points and authorities in support of motion for summary judgment on EEOC hostile work environment claim. |
| 02/14/2018 | RMP | 7.20 | 225.00 | $1,620.00 | Draft notice of motion and motion for summary judgment. Draft notice of lodgment. Continue drafting memorandum of points and authorities in support of motion for summary judgment on EEOC hostile work environment claim. |

[Doc. No. 121-3 at 15.] Meaning Defendant has, for the most part, failed to meet its burden, establishing only that Mr. Poole worked a total of 9.2 hours on February 14, 2018 and February 15, 2018 on the summary judgment motion related to the EEOC's hostile work environment claim. Thus, the Court finds that Defendant PCI is entitled to $2,070.00 in attorneys' fees for work attributable exclusively to the hostile work environment claim.

Having determined which fees are recoverable, the Court must determine whether the hourly rate and number of hours billed was reasonable. Here, defendant seek hourly rate of $225 for Mr. Poole [Doc. No. 121-2 at ¶¶ 4, 5.] Defendant submits a declaration

11

from its counsel setting forth counsel's qualifications. [*Id.*] The Court finds, and Plaintiff does not dispute, that the rates set forth by Mr. Poole are within the range of reasonable rates for attorneys in the local community. The Court has also reviewed the records, and finds no need to exclude any of the reported 9.2 hours, finding them to be a reasonable for work related to the summary judgment motion on the hostile work environment claim. Accordingly, the Court awards Defendant $2,070.00 in attorneys' fees for work attributable exclusively to the EEOC's frivolous hostile work environment claim against PCI.

## V. Conclusion

In accordance with reasons set forth above, Defendant is awarded $2,070.00 in attorneys' fees. Accordingly, Defendant's motion for attorneys' fees [Doc. No. 121] is **GRANTED IN PART** and **DENIED IN PART**.

It is **SO ORDERED**.

Dated: March 4, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

16-cv-02372-CAB-(WVG)